RECEIVED
JAN 2 3 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JACOB POINDEXTER | CIVIL ACTION NO. 12-3049 |
| VERSUS | JUDGE DOHERTY |
| ROWAN COMPANIES, INC. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before the Court is the Motion for Summary Judgment [Doc. 38] filed by Zadok Technologies, Inc. ("Zadok"). In its motion, Zadok seeks dismissal of "all claims asserted by third party plaintiff, Rowan Companies, Inc. . . . and its Rule 14[c] 'tender' of Zadok to plaintiff, Jacob Poindexter, on the grounds that 33 U.S.C. §905(a) and (b) provide immunity to Zadok against all such liability and expressly void all indemnity obligations, whether direct or indirect, from longshore employers, such as Zadok, to vessel owners, such as Rowan." Rowan opposes the motion [Doc. 40], and Zadok has filed a reply brief [Doc. 44]. For the following reasons, Zadok's motion is GRANTED IN PART AND DENIED IN PART, as explained hereinbelow.

**I.     Factual and Procedural Background**

The following facts are undisputed:

1. Plaintiff Jacob Poindexter was an employee of Zadok and was directly covered under the Longshore & Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §901, *et seq.*, performing electrical wiring installation work on the Rowan JOE DOUGLAS, a mobile offshore drilling unit ("MODU") vessel, while it was docked at a shipyard on navigable waters of Sabine Pass.

2. Zadok has paid and/or secured payment of LHWCA benefits to Mr. Poindexter in connection with an accident and alleged injuries Mr. Poindexter sustained while aboard the JOE DOUGLAS.

3. Rowan Companies, Inc. was the owner and/or charterer of the JOE DOUGLAS.

4. The JOE DOUGLAS had not yet been, and did not go, at any and all times material hereto, onto the outer continental shelf of the United States.

The chief factual dispute between the parties concerns whether the plaintiff was employed by Zadok to either go offshore with the vessel, or to perform any work of any kind that was related to offshore drilling work for the vessel. Rowan argues Zadok was hired to perform electrical services for the installation of a cementing unit on the vessel, and that the purpose of the vessel was to perform offshore drilling for oil and gas on the outer continental shelf. Ergo, Rowan argues the plaintiff's alleged injury during his work on the vessel was substantially connected to extractive operations on the outer continental shelf, which Rowan argues supports application of Louisiana's tort law to the third-party claims of Rowan against Zadok by way of OCSLA. However, for the reasons that follow, this Court need not make that determination, for the Court determines that the true issue presented by Rowan in its motion does not require determination of that legal issue; i.e., the actual disputed legal issue argued is whether the LHWCA employer can or must be included on the jury interrogatory form for the purpose of apportioning fault under the circumstances of this case.

In the instant motion, Zadok seeks to dismiss both Rowan's claim against Zadok for <u>contractual indemnity</u> and Rowan's claim for <u>tort indemnity and/or contribution</u>. However, the parties agree Rowan's claims against Zadok for <u>contractual indemnity</u> have been voluntarily dismissed by Rowan, and indeed, the record of this matter contains a document entitled "Agreed Stipulation of Dismissal Without Prejudice as to Defendant Rowan Companies, Inc.'s Third Party Claims Against Zadok Technologies, Inc. Indemnity," [Doc. 36], in which Rowan dismisses its "claims against Zadok for contractual indemnity without prejudice from refiling same." Thus, Rowan's claim[s] for <u>contractual indemnity</u> are no longer pending in this lawsuit and, thus, cannot be the subject of the instant motion for summary judgment. Consequently, the only remaining issue for the Court to address is whether this Court should dismiss Rowan's claim against Zadok for <u>tort</u>

indemnity and/or contribution.

Rowan acknowledges application of the LHWCA in this matter, and the absence of any right of recovery against Zadok as plaintiff's employer, stating, "Rowan does not dispute the applicability of the LHWCA and the judgment bar afforded to Zadok as Plaintiff's employer."[1] Thus, Rowan acknowledges both the application of the LHWCA to its claim for tort indemnity and/or contribution against Zadok and the bar this federal compensation scheme affords Zadok as to *liability* as the plaintiff's statutory employer, which bar is contained within Section 905(b) of the LHWCA, as follows:

> In the event of injury to a person covered under this Act caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of §33 of this Act, <u>and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void</u>.

33 U.S.C. §905(b) (emphasis added).[2]

Nevertheless, Rowan argues its "contribution claim should be permitted to allow the jury to apportion fault between all of the responsible parties in this case, including Zadok, because Zadok's negligence caused or contributed to Plaintiff's alleged injuries and Rowan needs an adjudication of Zadok's negligence in this case in order to trigger its contractual indemnity claim."[3] However, as

---

[1] *See* Rowan's opposition brief, Doc. 40, at p. 3.

[2] Section 905(b) prohibits indemnification by the employer of a covered employee for a claim due to bodily injury brought by the employee against the vessel, including its owner. *See, e.g., Diamond Offshore Co. v. A&B Builders*, 302 F.3d 531, 541 (5th Cir. 2002). It is undisputed in the instant case that the JOE DOUGLAS is a vessel for purposes of Section 905(b).

[3] Rowan's opposition brief, Doc. 40, at pp. 3-4. In briefing, Rowan argues it intends to assert its contractual indemnity claim in another forum.

summary judgment[4] is the appropriate vehicle for the entry of *judgment* on a claim, and as Rowan acknowledges there can be no tort *judgment* against Zadok under the LHWCA, summary judgment is, likely, not the appropriate vehicle for the relief requested by Rowan, *i.e.*, inclusion of Zadok on the jury interrogatory form for purposes of apportioning fault only, without regard to liability. Thus,

---

[4] This Court applies the following summary judgment standard:

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. PROC. 56(b). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PROC. 56(c).

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. FED. R. CIV. PROC. 56(e).

The Supreme Court has instructed:

The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Where no such showing is made, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

. . . .

. . . In ruling upon a Rule 56 motion, "a District Court must resolve any factual issues of controversy in favor of the non-moving party" only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied. That is a world apart from "assuming" that general averments embrace the "specific facts" needed to sustain the complaint. As set forth above, Rule 56(e) provides that judgment "shall be entered" against the nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial." The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 884, 888-89 (1990) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

the issue of whether Zadok's negligence can or must be included on the jury interrogatory form is one that, likely, is better addressed by a different procedural vehicle.[5]

For the foregoing reasons, the Motion for Summary Judgment [Doc. 38] filed by Zadok, seeking dismissal of Rowan's claim against Zadok for tort indemnity and/or contribution, is

---

[5] This Court, however, applauds counsel's forethought in attempting to raise the disputed issue of law argued, and will, therefore, provide the parties with the following guidance. As the Court sees it, the two cases cited by Rowan in support of its argument – *Fontenot v. Dual Drillings Co.*, 179 F.3d 969 (5th Cir. 1999) and *Rowe v. Dolphin-Titan Int'l*, 655 F.Supp. 186, 187 (E.D. La. 987) – are not instructive, as the facts of neither case is on point. Each case involves accidents on *platforms* and undisputed application of OCSLA, within different legal and factual situations than those before this Court. For these reasons, both cases are of limited value.

Indeed, in *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 261, 99 S.Ct. 2753, 2757, 61 L.Ed.2d 521 (1979), the Court explained: "We first held that the shipowner could not circumvent the exclusive-remedy provision by obtaining contribution from the concurrent tortfeasor employer." The Court went on:

> Some inequity appears inevitable in the present statutory scheme, but we find nothing to indicate and should not presume that Congress intended to place the burden of the inequity on the longshoreman whom the Act seeks to protect. FN27 Further, the 1972 Amendments make quite clear that "the employer shall not be liable to the vessel for such damages directly or indirectly," 33 U.S.C. § 905(b) (emphasis supplied),FN28 and that with the disappearance of the ship's contribution and indemnity right against the stevedore the latter should no longer have to appear routinely in suits between longshoreman and shipowner.FN29 Consequently, as we have done before, we must reject a "theory that nowhere appears in the Act, that was never mentioned by Congress during the legislative process, that does not comport with Congress' intent, and that restricts . . . a remedial Act . . . ." Northeast Marine Terminal Co. v. Caputo, 432 U.S., at 278-279, 97 S.Ct., at 2365.

Rowan, however, cites to no caselaw demonstrating that the LHWCA requires or allows the statutorily immune employer to be listed on the jury interrogatory form for the purpose *of apportioning fault against that employer*, nor has any party properly and fully briefed the issue of whether OCSLA applies in this case as Rowan argues,or whether the argument made as to application of certain state law would, in any way, be relevant to these facts. For the foregoing reasons, this Court makes no determination as to whether OCSLA – and, therefore, any possible Louisiana law – might apply, and whether the relief requested could, in any fashion, be allowed.

Nonetheless, this Court suggests it is undisputed Zadok cannot be liable to the plaintiff in tort, thus, and hence any tender of Zadok to the plaintiff under Rule 14(c) for purposes *of liability* would seem to have no merit. Thus, it is unclear to this Court whether the proper procedural hurdles have been cleared for such a tender.

Also, it would seem the LHWCA *extinguishes the right of action*, in tort, against the LHWCA employer and, no matter under what law a tort *cause of action* might arise, it would seem the *right of action* against the LHWCA employer would be extinguished and this would be the case no matter whether the LHWCA applies by way of application of the OCLA, as Rowan argues, or in the manner applicable in this case under these facts. However, as noted above, this Court offers mere guidance on this point as the issue actually disputed by Rowan, i.e., whether the LHWCA employer's fault can be apportioned on the jury verdict form, is not encompassed within the procedural vehicle selected, nor are all aspects of Rowan's argument properly and fully briefed, and, therefore, that issue is not properly before this Court.

GRANTED, and the foregoing claim is DENIED AND DISMISSED WITH PREJUDICE. Zadok's motion seeking dismissal of Rowan's claim against Zadok for contractual indemnity is DENIED AS MOOT, such claim having been voluntarily dismissed by Rowan. Finally, Zadok's request for relief pertaining to the jury interrogatory form is DENIED at this time, such request being premature at this juncture of the litigation.

THUS DONE AND SIGNED in Lafayette, ~~Louisiana, this~~ 23 day of January, 2015.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE